# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RYAN OUSDALE,

    Plaintiff

v.

TARGET CORPORATION,

    Defendant

Case No.: 2:17-cv-02749-APG-NJK

**Order Denying Motions to Seal**

[ECF Nos. 59, 61]

Ryan Ousdale sues Target Corporation for injuries he sustained when he fell off a toilet seat in a Target store's bathroom. Ousdale moves to seal some exhibits attached to his response to Target's motion for summary judgment and his motion for spoliation sanctions. Ousdale filed both briefs and all attached exhibits under seal even though the motions seek to seal only a few exhibits each. And while Ousdale states in his briefs that he filed the subject exhibits under seal (*See*, *e.g.,* ECF Nos. 60-5, 60-6), he did not. Thus, I have no idea how to evaluate the request to seal them. Ousdale moves to seal because Target has designated these exhibits confidential under the stipulated protective order. But that does not justify sealing the entire filing, nor does it necessarily justify sealing particular exhibits.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation

marks and citations omitted). Among the compelling reasons which may justify sealing a record are when court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

I will allow the filings to remain sealed temporarily while the parties confer about what, if any, portions of the opposition, motion, and exhibits should be sealed. If any party determines that any portion of the filings should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing by August 21, 2019. Otherwise, the sealed documents will be unsealed. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS THEREFORE ORDERED that plaintiff Ryan Ousdale's motions to seal **(ECF Nos. 59, 61) are DENIED**.

IT IS FURTHER ORDERED the parties shall meet and confer about what, if any, portions of the opposition, motion, and exhibits should be sealed. If any party determines that any portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS FURTHER ORDERED that if a motion to seal is not filed by any party by August 21, 2019, Ousdale's opposition and the attached exhibits (ECF No. 60) and his motion for sanctions and the attached exhibits (ECF No. 62) will be unsealed.

IT IS FURTHER ORDERED that, by August 9, 2019, Ousdale must file under seal the exhibits he omitted from ECF Nos. 60 and 62, pending a determination on whether any documents shall remain under seal.

DATED this 31st day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE