|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| RYAN OUSDALE, | Case No.: 2:17-cv-02749-APG-NJK |
| Plaintiff | **Order (1) Denying Defendant's Motion for Summary Judgment and (2) Granting Plaintiff's Unopposed Motion for Spoliation Sanctions** |
| v. | |
| TARGET CORPORATION, | [ECF Nos. 56, 62] |
| Defendant | |

Plaintiff Ryan Ousdale sues defendant Target Corporation for injuries he sustained when he was injured falling off a toilet seat in a Target store bathroom. Target moves for summary judgment, arguing Ousdale has no evidence that Target knew or should have known that the toilet set was broken because (1) Ousdale testified the toilet seat appeared normal, so a visual inspection would not have placed Target on notice of the dangerous condition; and (2) employees do not clean or otherwise touch the toilet seats unless they are dirty, and Ousdale testified the toilet seat was not dirty.

Ousdale responds that Target knows toilet seats in its stores' public restrooms break, and that it had policies in place to require its employees to touch the toilet seat while cleaning it once per hour both to clean it and to ensure it was working properly. Ousdale contends that Target employees regularly violated this policy, including on the day in question when employees missed multiple consecutive scheduled inspections. Ousdale also points to expert testimony that the toilet failed as a result of prolonged use over time and was not a sudden break caused by Ousdale sitting on it. Additionally, Ousdale moves for spoliation sanctions because Target lost or destroyed the bathroom inspection sheet as well as the toilet seat and related hardware. Target did not file an opposition to the spoliation motion.

The parties are familiar with the facts so I do not set them forth in full here. I deny Target's motion because genuine disputes remain regarding whether broken toilet seats at Target store restrooms was a recurring problem about which Target was aware, yet Target employees failed to conduct reasonable inspections of the bathroom that would have discovered the broken toilet seat. I grant Ousdale's unopposed motion for spoliation sanctions in part.[1]

## I. TARGET'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

---

[1] Ousdale failed to file several exhibits in connection with his motions. I need not await copies of these exhibits being filed because even without them, a reasonable jury could find in Ousdale's favor on Target's motion and I can resolve the unopposed spoliation motion.

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). This includes a duty "to inspect the premises to discover dangerous conditions not known to [it] and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." *Twardowski v. Westward Ho Motels, Inc.*, 476 P.2d 946, 947-48 (Nev. 1970) (quotation omitted). Where a hazardous condition causes a patron to become injured, and the business owner or one of its agents caused the hazardous condition to exist, "liability will lie, as a [hazardous condition] is usually not consistent with the standard of ordinary care." *Sprague*, 849 P.2d at 322. But where the [hazardous condition] is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id.* at 322-23. Whether the business had constructive notice of the hazardous condition is "a question of fact properly left for the jury." *Id.* at 323.

Viewing the evidence in the light most favorable to Ousdale, a reasonable jury could conclude that Target had constructive notice of a broken toilet seat and failed to conduct reasonable inspections to discover it. Target policy was for an employee to inspect the bathroom once per hour and for a manager to inspect the bathroom four times a day. ECF No. 60-3 at 5. The inspection checklist states that among the duties to be performed is wiping the toilets, which would allow for the employee to physically touch and inspect the toilet seat. *Id.* at 6; *see also* ECF No. 60-2.

However, Target employees testified that they would not always wipe the toilets, and instead would wipe them only when the seats appeared dirty. ECF Nos. 60-4 at 4; 60-8 at 3. Additionally, employees would not always clean and inspect the bathrooms once per hour. *Id.* at

5; ECF No. 60-4 at 8-9. And they acknowledge that broken or dislodged toilet seats are a recurring problem at the store and that a broken toilet seat could pose a safety hazard to customers. ECF Nos. 60-3 at 6-7; 60-4 at 6.

According to Ousdale, he used the store bathroom around 5:00 p.m. ECF No. 56-1. Although he did not notice anything wrong with the toilet seat, the seat slid when he sat down and he fell on the floor. *Id.* Ousdale took pictures of the toilet seat, the bent hinges, and the inspection checklist from the day in question. ECF Nos. 56-1; 60-1; 60-2. According to the inspection checklist, the last inspection was conducted at 9:30 a.m. ECF No. 60-2. Ousdale's expert, Bryan Hudson, opines that the toilet seat was a dangerous condition as a result of the hinges becoming loose over time. ECF No. 60-7 at 4. Additionally, as discussed below, Target did not preserve the inspection checklist, the toilet seat, or the hinges and related hardware. A reasonable jury could infer that Target lost or destroyed the evidence because it was not favorable to Target. I therefore deny Target's motion.

## II. OUSDALE'S SPOLIATION MOTION

Ousdale moves for sanctions, contending that Target destroyed the bathroom inspection checklist and the toilet seat and hinges even though it was on notice that Ousdale had injured himself. He requests as a sanction striking Target's defenses of comparative fault, that the toilet seat was an open and obvious danger, or any similar defenses. He also requests I deem as admitted that Target had notice of the broken toilet seat and that no inspections took place. Target did not respond to this motion.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *In re Nat'l Consumer Mfg., LLC*, No. 2:10-cv-00930-PMP-PAL, 2011 WL 1300540, at *8 (D.

Nev. Mar. 31, 2011). I have inherent power to sanction a party for spoliation of evidence. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

A party spoliates evidence "only if [it] had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed." *United States v. Kitsap Physicians Serv.*, 314 F. 3d 995, 1001 (9th Cir. 2002) (quoting *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)). "The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *In re Nat'l Consumer Mtg., LLC*, 2011 WL 1300540, at *8 (citing *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)). However, a "party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business." *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009). The party seeking sanctions bears the burden of establishing spoliation by showing that the spoliating party (1) destroyed or lost the evidence and (2) had notice that the evidence was potentially relevant to the litigation before it was lost or destroyed. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

If I find spoliation, sanctions may include, among other things, dismissal, excluding evidence, or giving a rebuttable presumption or adverse inference instruction. *See Unigard*, 982 F.2d at 368-69; *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380-81 (9th Cir. 1988). In choosing among sanctions, if any, I consider such circumstances as whether the destruction was inadvertent or willful; whether other evidence exists to establish the non-offending party's case; the effectiveness of various sanctions given the circumstances; the relationship between the misconduct and the matters in dispute in the action; and prejudice to the other party, including

whether the other party had an opportunity to inspect the evidence prior to its destruction. *See Unigard*, 982 F.2d at 369; *Halaco Eng'g Co.*, 843 F.2d at 380-82. I "should choose the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the other party." *Harfouche v. Stars On Tour, Inc.*, No. 2:13-cv-00615-LDG-NJK, 2016 WL 54203, at *3 (D. Nev. Jan. 5, 2016) (citing *In re Napster*, 462 F. Supp. 2d at 1066-67).

Ousdale has met his burden of establishing Target destroyed or lost the evidence. ECF Nos. 62-2 (response to request for product stating that Target "does not have possession of the toilet seat, hinges, or bolts"); 62-6 at 14 (response to request for production stating Target "does not have any material documenting when the restroom was inspected" on the date in question). He also has presented evidence that Target had notice that the evidence was potentially relevant to litigation before it lost or destroyed the evidence. ECF Nos. 62-3 (email string showing Ousdale advised Target the next day that he was in pain and seeing a doctor); 62-4 (incident report filled out on date of injury stating he had back pain). Ousdale therefore has established Target spoliated evidence.

Because Ousdale has shown Target spoliated evidence, I consider what, if any, sanction to impose. It is likely that the destruction was willful. Target employee Sean Grey testified the checklists were removed from the bathroom and kept in a binder "for record keeping." ECF No. 60-4 at 7. Yet this inspection checklist has not been produced and Target has presented no explanation or evidence to support an explanation as to why it is missing. Likewise, Target employees knew early on that Ousdale was injured, yet they did not preserve the toilet seat or the hardware. These items are plainly relevant to Ousdale's claims and their absence is prejudicial to Ousdale.

6

That being said, Ousdale's requested relief of striking defenses and deeming facts admitted is too extreme given that he has other evidence to prove the checklist's existence and contents, as well as at least a visual depiction of the toilet seat and hinges, because he took pictures of these items. While it likely would have assisted Ousdale's expert to view the actual toilet seat and hardware, the expert was still able to reach an opinion that the toilet seat was a hazardous condition.

I conclude that an appropriate sanction is for the jury to hear the evidence that Target did not produce the checklist, the toilet seat, or the hinges and other hardware, and to give an adverse inference instruction. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (stating that destruction of evidence in the face of notice that the evidence is potentially relevant to the litigation suffices to support the sanction of an adverse inference). The jurors will be able to evaluate witness credibility, weigh the explanations (if any) given for the missing evidence, and attach whatever significance to that evidence they find appropriate. The adverse inference instruction suffices to redress Target's failure to preserve the checklist, toilet seat, and hardware while still allowing this case to be decided on the merits rather than through sanctions. This is the least onerous sanction corresponding to Target's conduct and the prejudice to Ousdale.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Target Corporation's motion for summary judgment **(ECF No. 56) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Ryan Ousdale's motion for sanctions **(ECF No. 62) is GRANTED in part**.

DATED this 1st day of August, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE