# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RYAN OUSDALE, | Case No.: 2:17-cv-02749-APG-NJK |
| Plaintiff | **Order** |
| v. | |
| TARGET CORPORATION, | |
| Defendant | |

Plaintiff Ryan Ousdale sues defendant Target Corporation for injuries he sustained when he was injured falling off a toilet seat in a Target store bathroom. Ousdale previously moved for spoliation sanctions because Target lost or destroyed the bathroom inspection sheet as well as the toilet seat and related hardware. Target did not file an opposition to the spoliation motion. Target later moved for leave to file an opposition, which I granted. ECF Nos. 78, 79. Ousdale filed a reply, in which he also seeks an additional sanction. ECF No. 82.

I do not alter my prior order. First, Target makes no effort to explain why the bathroom checklist was not preserved. Second, Target contends it was not on notice to preserve the toilet seat and hinges, but Ousdale presented evidence that Target had notice that the evidence was potentially relevant to litigation before it lost or destroyed the evidence. ECF Nos. 62-3 (email string showing Ousdale advised Target the next day that he was in pain and seeing a doctor); 62-4 (incident report filled out on date of injury stating he had back pain). Target has not presented evidence that the toilet seat and hinges were lost or destroyed before it had notice of Ousdale's injuries and likely personal injury claim. Target may attempt to explain to the jury why it did not preserve the toilet seat, hinges, and checklist. But nothing Target presents changes my prior order.

I deny Ousdale's request in his reply brief for an additional sanction. Ousdale cannot request new relief in a reply brief. *See Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009). Additionally, questions about credibility, authenticity, and accuracy of the photos, as well as the weight to be given to that evidence, will be questions for the jury to resolve. *See, e.g.*, *United States v. Evans*, 728 F.3d 953, 962 (9th Cir. 2013); *United States v. Zuno-Arce*, 44 F.3d 1420, 1423 (9th Cir. 1995); *Alexander Dawson, Inc. v. N.L.R.B.*, 586 F.2d 1300, 1302 (9th Cir. 1978).

IT IS THEREFORE ORDERED that my prior order on spoliation sanctions (ECF No. 64) remains unchanged.

DATED this 12th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE