# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RYAN OUSDALE, | Case No.: 2:17-cv-02749-APG-NJK |
| Plaintiff | **Order Regarding Motions in Limine** |
| v. | [ECF Nos. 98-114] |
| TARGET CORPORATION, | |
| Defendant | |

Plaintiff Ryan Ousdale filed 17 separate motions in limine. ECF Nos. 98-114. I address them below.

Motion in Limine #1 (ECF No. 98)

Ousdale seeks to preclude evidence about when he first met with counsel. I deny the motion. Such evidence could be relevant to the veracity of Ousdale's medical complaints and whether he is litigious. There is little prejudicial effect, so the evidence is not prohibited by Federal Rule of Evidence 403. I agree with other judges in this District who have concluded the weight to be given this evidence is for the jury to resolve. *Roberts v. Smith's Food & Drug Ctrs., Inc.*, No. 2:11-cv-01917-JCM-GWF, 2014 U.S. Dist. LEXIS 72609, at *11-12 (D. Nev. May 28, 2014); *Badger v. Wal-Mart Stores, Inc.*, No. 2:11-cv-01609-KJD-CWH, 2013 U.S. Dist. LEXIS 91216, at *22-23 (D. Nev. June 28, 2013). Ousdale may request a limiting instruction about the jury's consideration of this evidence.

/ / / /

/ / / /

/ / / /

/ / / /

Motion in Limine #2 (ECF No. 99)

Ousdale seeks to preclude evidence about the absence of pre-incident medical records. Defendant Target Corporation did not respond to this motion.[1]  I therefore grant it as unopposed. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").  At trial, Target may not argue or suggest that the lack of pre-incident medical records means Ousdale suffered from, or is hiding, pre-incident injuries or symptoms.

Motion in Limine #3 (ECF No. 100)

Ousdale moves to bar Target from questioning or offering evidence about secondary gain and malingering.  Target agrees not to raise the issue of malingering (ECF No. 116 at 3), so I grant the motion as to that portion.  As to secondary gain, it is unclear what Ousdale seeks to prohibit.  Target may cross-examine Ousdale and his witnesses to flush out for the jury whether Ousdale's injuries and treatment are legitimate and caused by this incident.  Depending on the evidence presented at trial, Target may be permitted to elicit testimony and argue to the jury that Ousdale is over-treating or not as severely injured as he claims.  For instance, if the evidence justifies it, Target may point out inconsistent reports of pain, injury, or response to therapy, or that Ousdale's complaints were inconsistent with objective medical criteria.  It also may point out inconsistencies between his reported history and objective evidence.  But Target and its witnesses may not opine that any inconsistencies exist because Ousdale is motivated by secondary gain.  Doing so would invade the province of the jury to determine credibility. *See, e.g.*, *United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002) (making credibility

---

[1] It is unclear why Target did not stipulate to this motion if it is not opposed to it.  That would have saved me and Ousdale's lawyer from wasting time on an unnecessary motion.

determinations is "the jurors' responsibility").  Target's witnesses therefore cannot testify about "secondary gain" or offer opinions on Ousdale's motivations.

However, I will not preclude Target's counsel from arguing that a reasonable inference from any inconsistencies is that Ousdale was seeking to better his position in this lawsuit. Counsel is entitled to make arguments based on reasonable inferences from the evidence elicited at trial.  Depending on the evidence presented, it may be a reasonable inference that Ousdale sought to improve his position in this lawsuit through exaggerated claims that are not supported by the objective evidence.

I therefore grant in part and deny in part Ousdale's motion.  Target may not raise issues or offer testimony about malingering.  Target may question and present evidence, if it exists, about inconsistencies, but the witnesses may not testify about "secondary gain" or ascribe to Ousdale motivations for those inconsistencies.  That is for the jury to decide.  But defense counsel may argue in closing, if the evidence supports a reasonable inference, that any inconsistencies were the product of Ousdale's desire to strengthen his position in litigation.

Motion in Limine #4 (ECF No. 101)

Ousdale seeks to preclude evidence about policies and procedures at Lowe's stores, where he apparently used to work.  Target agrees it will not offer or elicit such evidence.  Thus, this motion is granted.  This does not preclude Target from offering evidence about or questioning the impact of Ousdale's alleged injuries upon his ability to work or carry out his job functions.

Motion in Limine #5 (ECF No. 102)

Ousdale asks me to bar Target from offering evidence about his experience and expertise as a handyman and work he has done around his house.  But this evidence could be relevant to

the jury's determination of comparative negligence, and there is no indication that the probative

value of such evidence is substantially outweighed by any prejudicial effect.  I deny the motion.

Motion in Limine #6 (ECF No. 103)

Ousdale moves to limit the testimony of Target's rebuttal expert, Kevin Kirkendall.  I

deny the motion because it seeks to restrain Mr. Kirkendall too much.  However, Mr.

Kirkendall's testimony will be limited to the opinions and work reflected in his expert report.

Motion in Limine #7 (ECF No. 104)

Ousdale moves to preclude evidence about bathroom cleaning and inspections that are

not shown on the bathroom cleaning checklist.  I previously found that Target improperly

destroyed or lost the bathroom inspection checklist and the toilet seat and hinges. ECF No. 64 at

6.  As a sanction, I ordered that the jury could hear the evidence that Target did not produce

those items as it was required to do, and that I would give an adverse inference instruction. *Id.* at

7.  Ousdale's motion in limine seeks to go further and preclude any evidence about cleanings and

inspections not on the checklist.

An adverse inference instruction does not create an irrebuttable presumption or a

complete barrier to the presentation of evidence.  Rather, it instructs the jury that it can infer that

Target destroyed the evidence because it would be harmful to it.  Target can try to overcome that

inference by offering evidence that its employees cleaned or inspected the bathroom even though

that is not listed on the checklist.  Ousdale can try to rebut that evidence by reference to Target's

policies about completing the checklist and what it means that the checklist was blank.  It will be

up to the jury to decide whose version is more credible in light of the adverse inference

instruction.  The motion is denied.

/ / / /

1    Motion in Limine #8 (ECF No. 105)

2        Ousdale seeks to preclude evidence about inspections or repairs that Target employees

3    allegedly made but which are not reflected on documents that were produced in this case.  This

4    motion is based on a misreading of the deposition of Target employee Michael Carrizo.  Ousdale

5    contends that Carrizo testified there should be documents with information about inspections and

6    repairs that were performed at the store. ECF No. 105 at 6.  But Carrizo did not testify to that

7    specifically.  He could not recall whether a worksheet, computer form, or any other paper was

8    used to memorialize such things at the time of the incident. *Id.* at 4.  Ousdale has not shown a

9    sufficient basis to preclude Target from offering testimony about work performed that is not

10   reflected on documents.  Again, my spoliation instruction is sufficient.  The motion is denied.

11   Motion in Limine #9 (ECF No. 106)

12       Ousdale moves to bar Target from offering evidence about repairs made to the toilet seat

13   and hinges and from arguing that they were damaged acutely instead of over time.  This motion

14   is similar to (and based on the same reasons as) Ousdale's motion in limine #8 (ECF No. 105).  I

15   deny it for the same reasons.  While Target's employees may not be qualified to offer an expert

16   opinion on metallurgy or why the hinges broke, they are not barred from testifying about repairs

17   they made.

18   Motion in Limine #10 (ECF No. 107)

19       Ousdale moves to preclude Target from offering evidence that Ousdale misused the toilet

20   seat.  Target did not respond to this motion.[2]  I therefore grant it as unopposed. LR 7-2(d).  At

21   trial, Target may not argue or suggest that Ousdale misused the toilet seat.

22

23

---

[2] Again, I do not know why Target did not stipulate to this motion if it is not opposed to it.  That
would have saved me and Ousdale's lawyer from wasting time on an unnecessary motion.

<u>Motion in Limine #11 (ECF No. 108)</u>

Ousdale seeks to preclude Target's expert, Dr. Rothman, from using items in his file that were not produced during discovery. As Target points out, Ousdale raised this issue in his earlier motion to strike Dr. Rothman as an expert. ECF No. 85. Magistrate Judge Koppe denied that motion, pointing out that "any harm could have been avoided had Ousdale been diligent in obtaining the information at issue, including seeking judicial intervention if necessary during the discovery period." ECF No. 93 at 3. Ousdale did not appeal or object to Magistrate Judge Koppe's ruling, and I will not reconsider it here. This motion is denied.

<u>Motion in Limine #12 (ECF No. 109)</u>

Ousdale moves to preclude questioning or evidence about an alleged typographical error in Dr. Wairimu's medical records that indicates Ousdale had a prior back injury. I cannot rule as a matter of law whether this notation in the records is a typo. Target may examine Dr. Wairimu on this issue. It is for the jury to decide whether the record entry is correct and whether it effects Dr. Wairimu's credibility. The motion is denied.

<u>Motion in Limine #13 (ECF No. 110)</u>

Ousdale asks me to bar Target's expert, Dr. Tung, from opining about the life care plan offered by Ousdale's expert because Dr. Tung did not include any such opinion in his expert report. Dr. Tung is permitted to testify about the opinions and work reflected in his expert report. *See* ECF No. 110-3. That includes his opinions about future treatment and the lack of a need for surgery. *Id.* at 14. This motion is denied.

<u>Motion in Limine #14 (ECF No. 111)</u>

Ousdale moves to preclude Target from arguing that Ousdale's medical treatment was not reasonable and necessary, and that the amounts charged for his care were not customary and

usual.  Target's experts are permitted to testify about their opinions and work reflected in their

expert reports.  If those reports include opinions that Ousdale's past, present, or future treatment

is not reasonable, necessary, or related to the subject incident, they may so testify.  Ousdale

cannot be surprised or prejudiced by that evidence as he has been aware of it since the reports

were produced.  This motion is denied.

        Motion in Limine #15 (ECF No. 112)

        Ousdale moves to admit into evidence the pictures he took of the bathroom stall.  I deny

the motion without prejudice because it is premature.  Ousdale can offer the pictures into

evidence if he lays the proper foundation at trial.

        Motion in Limine #16 (ECF No. 113)

        Ousdale seeks to preclude any evidence that his medical care was directed by his attorney

or that it was "built up" solely to increase the value of this case.  Ousdale also seeks an order

prohibiting Target from questioning or suggesting that his medical witnesses work primarily for

plaintiffs and their attorneys.  Such questions go to the witnesses' biases, if any, and the

reasonableness of treatment.  Thus, they are fair game for examination.  Similarly, Ousdale's

lawyer can cross-examine Target's experts about the number of times they have been retained by

defendants or defense lawyers.  I deny this motion without prejudice to object to particular

questions or arguments at trial.  Both parties may make arguments to the jury so long as those

arguments are supported by the evidence elicited at trial. *See Alexander v. Wal-Mart Stores, Inc.*,

No. 2:11-CV-00752-JCM-PAL, 2013 WL 427132, at *6 (D. Nev. Feb. 1, 2013).

        Motion in Limine #17 (ECF No. 114)

        Ousdale asks me to prohibit Target from questioning or implying that he sustained an

injury before this incident.  Target correctly responds that this motion is premature, as Ousdale

1 | or his witnesses may testify in a way that opens the door to such questions.  The motion is denied

2 | without prejudice.

3 |       DATED this 13th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE